

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 8 2020

**JAMES W. McCORMACK, CLERK**
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRITHA R. REED                                                    PLAINTIFF

VS.                          CASE NO.  4:20-cv- 1431 - JM

ARKANSAS HIGHWAY POLICE                               DEFENDANT

<u>COMPLAINT</u>

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

<u>Introduction</u>

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq*. (Title VII of

the Civil Rights Act of 1964, as amended),  in order to recover damages against the defendant for

the unlawful discriminatory employment practices that the plaintiff, **Territha R. Reed** has been

subjected to, all on account of her sex.  This is also an action for declaratory judgment pursuant to

28 U.S.C. § 2201 to declare the rights and other legal relations between the parties.

I.

<u>JURISDICTION</u>

1.        Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331,

1343, 1391.

2.        The unlawful employment practices alleged to have been committed against the

plaintiff were committed in the State of Arkansas, and to a large extent in Pulaski County,

Arkansas.

II.

## PARTIES

3.      The plaintiff is an African American female, and is a resident of the United States of America.

4.      The Arkansas Highway Police is a division of the Arkansas Department of Transportation (ArDOT), is an agency of the State of Arkansas, and was created by the State of Arkansas pursuant to Ark. Code Ann. § 27-50-202.

5.      Pursuant to Ark. Code Ann. § 27-50-203, the Director of the State Highways and Transportation shall appoint a Chief of the Arkansas Highway Police Division.  The Chief of Police shall serve at the pleasure of the director of the Arkansas Department of Transportation. Currently Jay Thompson is the Chief of Police.  Chief Thompson is a Caucasian male.

6.      Also, pursuant to Ark. Code Ann. § 27-50-205(a), the Arkansas Highway Police Division of the Arkansas Department of Transportation, "shall have the power and authority to enforce all laws pertaining to the unlawful operation of motor vehicles over the highways of this state."

7.      The defendant Arkansas Highway Police is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

III.

## FACTS

8.      The plaintiff is currently employed by the defendant Arkansas Highway Police Division, in the capacity as a certified law enforcement officer.

2

9.      The plaintiff started her career with the Arkansas Highway Police on July 17, 2008 and was assigned to the District 5 Weigh Stations, which is located at the West Memphis Highway Police office.

10.      Shortly after being assigned to District 5 Weigh Stations, the plaintiff was later promoted to the position of sergeant due to her exemplary performance.

11.      After approximately two (2) years of working at District 5 and achieving the rank of sergeant, the plaintiff was assigned to Little Rock Highway Police office, and is currently a patrol sergeant.

12.      There are currently approximately 150 Highway Police Officers, most of whom are Caucasian male employees.

13.      The plaintiff is supervised by a Lt. Brad Perkins, who is a Caucasian male.

14.      However, a Caucasian male by the name of Lt. Eddie Bush, would often interject himself in the plaintiff's line of supervision.

15.      During the time that Lt. Eddie Bush was a supervisor, the plaintiff's second line supervisor was Lt. Jeffery Bickerstaff, and her frontline supervisor was Lt. Brad Perkins.

16.      Lt. Eddie Bush would often yell at the plaintiff, and tried on a few occasions to get her written up for things that were not warranted.

17.      On approximately January 11, 2017, Lt. Bush accused the plaintiff of hanging up on him, while she was in Little Rock talking to him.

18.      At the time of the conversation, Lt. Bush was in the Lake Village, Arkansas area.

19.      Lt. Bush travelled from Lake Village, Arkansas, to Little Rock, Arkansas, and held a mandatory meeting with the plaintiff and Sgt. Joy Bean and Sgt. David Harris.  During

3

this meeting, Lt. Bush was hostile towards the plaintiff and questioned her about hanging up on him, which the plaintiff denied hanging up on Lt. Bush.

20.     The plaintiff requested a meeting with her immediate supervisors Lt. Perkins and Capt. Jeffery Bickerstaff on January 26, 2017.  During this meeting, the plaintiff complained about the hostility that she often endured from Lt. Bush.

21.     Although the plaintiff was in a supervisory role over some officers, she was not allowed to exercise her role as a supervisor.

22.     During times when it became necessary for the plaintiff to issue disciplinary actions to Caucasian male officers, she was prevented from doing so.

23.     On January 1, 2020, the plaintiff was involved in a foot chase with other officers in Saline County, Arkansas, where the suspect jumped into the river.

24.     There was no information about this individual who jumped into the river, other than he was walking along I-30, and when a police officer tried to stop him, he took off running, and he eventually jumped into the Saline River.

25.     When other highway patrol officers wanted to jump in, the plaintiff prevented them from doing so, opting instead to wait on the individual to exit the river.

26.     Capt. William Scott, who is an African American male with the Arkansas Highway Police, showed up later at the scene.

27.     Capt. Scott then asked Officer Mitch Hall what happened, and he told him.

28.     Capt. Scott then requested the plaintiff to meet with him.

29.     The following day on January 2, 2020, the plaintiff met with Capt. Scott, and he begin to question her decision to call off the chase.

4

30.     Capt. Scott then asked multiple times whether Lt. Perkins had told her to call off the chase, to which the plaintiff responded by saying "no."

31.     Capt. Scott kept questioning the plaintiff's decision to call off the chase, and told stated to her, "I don't want you bursting these guys' balls for doing their job."

32.     Capt. Scott then told the plaintiff "I don't want you to supervise like Joy Bean, scared and lacking confidence." [1]

33.     Capt. Scott also accused the plaintiff of giving a subordinate male officer a difficult time about inspections.

34.     Capt. Scott yelled at the plaintiff for giving the male officer a difficult time about his inspections.

35.     Capt. Scott constantly yells at the plaintiff and treats her in a demeaning fashion, while not doing the same for male employees.

36.     During the month of March 2020, the plaintiff had to meet with seven different officers about their annual review.  Capt. Scott met with the plaintiff and went line-by-line over each evaluation, and required the plaintiff to change some performance ratings, ensuring that the male officers receive every credit.  Although some white officers received verbal reprimands, which the plaintiff noted in the performance evaluations, Capt. Scott forced the plaintiff to remove them.

37.     Capt. Scott works to undermine the plaintiff's authority over her subordinates.

38.     When a subordinate officer reported to work late, Capt. Scott advised the plaintiff to write an email about the matter.

---

[1] Joy Bean was a female officer with the Arkansas Highway Police, who was harassed due to her sex, and upon information and belief was forced to resign.

5

39.     After the plaintiff sent the email, Capt. Scott then yelled at the plaintiff for sending the email, telling her, "we don't send out memos anymore for officers being late!"

40.     Male subordinates are allowed to be insubordinate to the plaintiff without any repercussions.

41.     When the plaintiff attempted to get some type of relief from the harassing conduct, she requested a meeting with the major; however, the major was unconcerned, and simply gave the plaintiff a book on leadership.

42.     Capt. Scott treats the plaintiff's male counterpart in a totally different situation.

43.     Capt. Scott is supportive of the plaintiff's male counterpart, while constantly yelling at the plaintiff, and treating her in a demeaning fashion.

IV.

Disparate Treatment – Sex

44.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43, supra., inclusive as though set forth herein word for word.

45.     The plaintiff was subjected to disparate treatment on account of her sex (female) in that similarly situated male employees received more favorable treatment on account of their sex (male), than the plaintiff was afforded.

46.     The plaintiff was consistently subjected to varied terms and conditions of her employment with the defendant as other similarly situated male employees.

47.     The plaintiff was not allowed to supervise her subordinates.

48.     The defendant consistently allowed the plaintiff's male subordinates to be insubordinate to her.

6

49.     The defendant consistently allowed the plaintiff's male subordinates to be disrespectful to her, without any repercussions.

50.     Unlike her male counterparts, the defendant did not provide the necessary support to the plaintiff in the management of her subordinates.

51.     The plaintiff was subjected to the above-mentioned acts of disparate treatment all on account of her sex – female, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

52.     The plaintiff was subjected to less favorable terms and conditions of her employment with the defendant, than similarly situated male employees, all on account of her sex, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

## V.

### Hostile Work Environment

53.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52, supra., inclusive as though set forth herein word for word.

54.     The plaintiff was subjected to an abusive pattern of insults, demeaning behavior, profanity, on almost a daily basis, all on account of her sex.

55.     Due to the above-mentioned unwelcome hostility based on the plaintiff's sex, the plaintiff has suffered mental anguish, and became physically sick on a few occasions.

56.     The plaintiff made complaints to management official about the abusive behavior that she was being subjected to, but received no help.

57.     Despite the fact that management officials knew or should have known about the abusive environment that the plaintiff worked in on account of her sex, the defendant failed to take

remedial actions to alleviate the hostile working environment on account of her sex, that the plaintiff was forced to work.

58.     The plaintiff was subjected to a hostile working environment due to her sex (female), in violation of Title VII of the Civil Rights Act of 1964 (as amended).

59.     The plaintiff was afforded less favorable working conditions on account of her sex, than similarly situated male employees, in that management officials allowed the sexually harassing conduct to persist, without having to take remedial measures to eliminate the hostility, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

60.     The plaintiff filed a Charge of Discrimination (No. 493-2020-01278) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against based on her sex, when she was terminated from her place of employment with the defendant. **(See Charge of Discrimination attached herein as Plaintiff's Exhibit "A")**.

61.     In response to the Plaintiff's Charge of Discrimination (No. 493-2020-01278) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated September 8, 2020, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B")**.

62.     This cause of action is being brought within ninety (90) days of the plaintiff receiving her right-to-sue letter as referenced in paragraph 61 of this complaint.

63.     Due to the above-mentioned acts of discrimination, the plaintiff has suffered mental anguish, embarrassment, lost wages, all in a manner to be proven at trial.

8

## JURY DEMAND

64.    The plaintiff requests that this matter be tried before a jury of twelve (12) fair and impartial citizens of this state.

THEREFORE, the plaintiff is seeking the following relief for the above mentioned described unlawful employment practices:

a.    declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.    compensatory damages;

c.    the cost of prosecuting this action;

d.    attorney's fees;

e.    and for all other equitable, legal, and just relief.

Respectfully submitted,

Austin Porter Jr.
Bar Number 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

Date:  December 8, 2020

9

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2020-01278 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. TERRITHA R REED** | **(501) 650-3095** | **1982** |

| Street Address | City, State and ZIP Code |
|---|---|
| 11007 LEMONCREST LANE,  LITTLE ROCK, AR 72210 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.   (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **ARKANSAS HIGHWAY POLICE** | **201 - 500** | **(501) 569-2000** |

| Street Address | City, State and ZIP Code |
|---|---|
| 10324 INTERSTATE 30,  LITTLE ROCK,  AR 72209 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                         Latest |
| ☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN | **01-01-2020           05-04-2020** |
| ☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired July 17, 2008, and I am a Patrol Sergeant.  I was hounded, yelled at, and cursed at by my Captain following an incident on January 1, 2020.  I continued to be treated the same though April 2020.  The Captain questions every time Im seen speaking with the Lieutenants.  The Captain has yelled at me over the radio and sent emails to the entire group remanding me.  The Captain covers for some of my officers he has personal relationships with.  He excuses their insubordination.  He treats the male Sergeant totally different than he treats me.  I discussed the issue with my Captain, but things did not improve.  I escalated my complaint to the Major, then the Chief, then to Headquarters.  We met for over 8 hours twice discussing careers and only about 10 minutes were spent addressing my issues.  Then I met again with the Chief and he took notes and after talking at length I agreed the matter was resolved about May 4, 2020.

I was told by the Captain himself that I know he is a hot head.  I was given a book to read on Leadership.  I was told that I should not have complained.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE<br>*(month, day, year)* |

**PLAINTIFF'S EXHIBIT**
*A*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **493-2020-01278** |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe I have been harassed, belittled, and subjected to a hostile work environment and different terms and conditions because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To | Territha R. Reed<br>11007 Lemoncrest Lane<br>Little Rock, AR 72210 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01278 | Margie Myers,<br>Investigator | (501) 324-6214 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____        09/08/2020

Enclosures(s)                    **William A. Cash, Jr.,**        *(Date Mailed)*
                            **Area Office Director**

cc:    Joanna McFadden
       Director of Human Resources
       AR HIGHWAY & TRANSPORTATION DEPT.
       10324 I-30
       Little Rock, AR 72209

